IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARTHA A. DOWLING, | Case No. C2 05 0098 |
| Plaintiff, | Judge Algenon L. Marbley<br>Magistrate Norah McCann King |
| v. | |
| LITTON LOAN SERVICING, LP, | **DEFENDANT, LITTON LOAN SERVICING LP'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | |

Now comes defendant, Litton Loan Servicing, LP, through counsel, and for its Answer to the Complaint states as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim against defendant upon which relief may be granted.

### SECOND DEFENSE

2. Defendant admits the allegations in paragraph 1.

3. Defendant admits the allegations in paragraph 2.

4. Defendant denies the allegations in paragraph 3. Litton is a loan servicing agent and does not originate or hold loans.

5. Defendant admits the allegations in paragraph 4, except that it denies that it is a "debt collector" as defined in the Fair Debt Collection Practices Act when it acts as servicing agent for loans not in default.

6. Defendant admits the allegations in paragraph 5 and 6 except that RESPA is found at 12 U.S.C. § 2601 et. seq.

7. Defendant admits the allegations in paragraph 7 insofar as it is a debt collector in servicing loans that were in default when acquired. Defendant denies the remaining allegations in paragraph 7, as the Ohio Consumer Sales Practices Act

      does not apply to financial institutions, their servicing agents and real estate transactions.

8. Defendant denies the allegations in paragraph 8, 9, 10, 11, and 12 for want of knowledge or information sufficient to form a belief as to the truth thereof.

9. Defendant admits the allegations in paragraph 13.

10. Defendant denies the allegations in paragraphs 14 and 15.

11. Defendant admits the allegations in paragraph 16 insofar as the letter attached to the Complaint as Exhibit 3 speaks for itself and denies the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth thereof.

12. Defendant denies the allegations in paragraph 17.

13. Defendant denies the allegations in paragraph 18, as any direct communication with plaintiff after learning she was represented by counsel would have been inadvertent and not intended to disregard her counsel.

14. Defendant denies the allegations in paragraph 19.

15. Defendant admits the allegations in paragraph 20 insofar as the letter attached to the Complaint as Exhibit 4 speaks for itself and denies the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth thereof.

16. Defendant admits the allegations in paragraph 21 except that it denies that plaintiff's communication was a "qualified written request" as defined by the Real Estate Settlement Procedures Act.

17. Defendant denies the allegations in paragraphs 22 and 23.

18. Defendant admits the allegations in paragraph 24 insofar as it sent plaintiff the letter attached to the Complaint as Exhibit 6 and denies that the letter contained knowingly false representations.

19. Defendant admits the allegations in paragraph 25 insofar as it sent plaintiff the letter attached to the Complaint as Exhibit 7 and denies that the letter contained knowingly false representations.

20. Defendant admits the allegations in paragraph 26 insofar as plaintiff's counsel sent the letter attached to the Complaint as Exhibit 8 to defendant and insofar as the letter speaks for itself and denies the remaining allegations.

21. Defendant admits the allegations in paragraph 27 insofar as it sent plaintiff the letter attached to the Complaint as Exhibit 10 and denies that the letter contained knowingly false representations.

22. Defendant denies the allegations in paragraph 28.

23. Defendant admits the allegations in paragraph 29 insofar as defendant explained that the loan was not considered current and requested additional information from plaintiff and denies the remaining allegations.

24. Defendant admits the allegations in paragraph 30 insofar as it sent the letter attached to the Complaint as Exhibit 11 to plaintiff's counsel and insofar as the letter speaks for itself and denies the remaining allegations.

25. Defendant admits the allegations in paragraph 31 insofar as plaintiff sent defendant the letter attached to the Complaint as part of Exhibit 12 and insofar as the letter speaks for itself and denies the remaining allegations.

26. Defendant admits the allegations in paragraph 32 insofar as defendant sent plaintiff's counsel the letter attached to the Complaint as part of Exhibit 12 and insofar as the letter speaks for itself and denies the remaining allegations.

27. Defendant denies the allegations in paragraphs 33, 34 and 35 for want of knowledge or information sufficient to form a belief as to the truth thereof.

28. Defendant admits the allegations in paragraph 36 insofar as it provided the payoff statement attached to the Complaint as Exhibit 13 and denies the remaining allegations.

29. Defendant denies the allegations in paragraphs 37, 38, 39, 40 and 41 for want of knowledge or information sufficient to form a belief as to the truth thereof.

## AFFIRMATIVE DEFENSES

30. Plaintiff's claims against defendant are barred by her contributory or comparative negligence.

31. Plaintiff's claims against defendant are barred by the doctrines of waiver, estoppel and release.

32. Plaintiff's claims against defendant are barred by the doctrine of laches.

33. Plaintiff's claims against defendant are barred by her superior knowledge of the conditions ultimately causing her losses, conditions that she failed to communicate to defendant.

34. Plaintiff has failed to join indispensable parties as required by Fed. Civ.R. 19.

35. Plaintiff's claims are barred by the applicable statutes of limitations or jurisdictional requirements.

36. The parole evidence rule bars plaintiff's claims to the extent that they arise from alleged oral representations or written communications contrary to the mortgage instrument(s).

37. The Statute of Frauds bars plaintiff's claims to the extent that they arise from alleged oral representations falling within the scope of the mortgage instrument(s).

38. Any damages allegedly suffered by plaintiff are a direct and proximate result of her breach of contract.

39. Plaintiff's claims are barred by unclean hands.

40. Plaintiff has failed to plead fraud with particularity as required by Fed. Civ.R. 9(b).

41. Plaintiff's claims arise from the alleged conduct of individuals or entities other than defendant.

42. Plaintiff's claim for damages is barred or must be reduced to the extent that she has failed to mitigate her damages.

43. Plaintiff's claims are barred by res judicata or judicial estoppel.

44. At all times, defendant acted in accordance with the terms of the Note and Mortgage.

45. Plaintiff's claim for punitive damages is barred because at all times, defendant acted in good faith in the exercise of reasonable business judgment and in a commercially reasonable manner. At no time did defendant act intentionally, willfully, wantonly or maliciously in disregard of any rights of plaintiff.

46. Plaintiff's claim for punitive damages is barred because such damages seek to impose punishment that is excessively and grossly disproportionate to the conduct alleged, in violation of the Constitution of the United States that prohibits excessive fines and cruel and unusual punishment.

WHEREFORE, defendant prays that plaintiff's Complaint be dismissed with prejudice at plaintiff's costs; that defendant recover its costs in defending the Complaint, including a reasonable award for its attorney fees; and that defendant recover such

other relief, legal and equitable, to which it may be entitled

Respectfully submitted,

/s/ Pamela S. Petas
Pamela S. Petas (#0058627)
Lerner, Sampson & Rothfuss
Trial Counsel for Defendant
Litton Loan Servicing, LP
120 East Fourth Street 8th Floor
Cincinnati, Ohio 45202-4007
(513) 362-3574 Telephone
(513) 354-6927 Facsimile
psp@lsrlaw.com  e-mail

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June 2005, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system that will send notification of such filing to the following:

Gary M. Smith
11 North 4th Street
P.O. Box 340
Zainesville, OH  43702

I hereby certify that a true copy of the foregoing was sent by regular U.S. mail, postage prepaid, this 2nd day of June 2005 to the following:

Gary M. Smith
11 North 4th Street
P.O. Box 340
Zainesville, OH  43702

/s/ Pamela S. Petas
Pamela S. Petas