IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA A. DOWLING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 05-CV-098 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| LITTON LOAN SERVICING, LP, | : | Magistrate Judge Norah M. King |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion for attorney's fees and expenses. Plaintiff prevailed at trial on a Fair Debt Collection Practices Act ("FDCPA") claim. For the reasons set forth below, the Court **AWARDS** Plaintiff $49,560 in attorney's fees and $2,959.56 in costs.

**II. BACKGROUND**

On March 31, 1998, Plaintiff Martha A. Dowling and her late husband borrowed $68,000 from National Consumer Services Corporation to refinance their home mortgage. Plaintiff subsequently defaulted and her lender retained Defendant Litton Loan Servicing, LP, to collect the debt. Despite the fact that Plaintiff retained an attorney, Defendant continued to harass her. Between April 22, 2004, and June 8, 2004, Defendant also sent Plaintiff numerous letters misrepresenting the status of her debt. On January 28, 2005, Plaintiff sued Defendant in this Court alleging a myriad of state and federal statutory violations. Pursuant to a bench trial, the Court found that Defendant violated §§ 1692(c) & (e) of the FDCPA and awarded Plaintiff

$1,000 in statutory damages and $25,000 in actual damages. Plaintiff now petitions the Court to award her $50,640 in attorney's fees and $2,959.56 in costs.

### III.  STANDARD OF REVIEW

The Court must award reasonable fees to the prevailing party in an FDCPA action. 15 U.S.C. A. § 1692k(a)(3).[1] A reasonable "fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995) (quoting *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In arriving at a reasonable fee, the Court should first calculate the lodestar, which is the product of the amount of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Although there is a "strong presumption that the lodestar figure represents a reasonable fee . . . this does not end the inquiry." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The Court has the discretion to adjust the award depending on a plaintiff's success, the complexity of the case, and the risk of recovery. *Id*.

### IV. LAW AND ANALYSIS

Plaintiff petitions the Court for $50,640 in attorney's fees and $2,959.56 in expenses. Defendant insists that the Court should award her only $20,000 in fees because: (1) a reasonable hourly rate for Plaintiff's attorney is $250 per hour, not $300 per hour as Plaintiff suggests; (2) Plaintiff's attorney billed frivolously; (3) Plaintiff was only partially successful; and (4)

---

[1] 15 U.S.C.A. § 1692k(a)(3) awards to a prevailing plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court."

Defendant made a good faith effort to settle the case before trial.  In addressing these objections, the Court must first calculate the lodestar and then determine whether to adjust this figure.

### A.  LODESTAR

### 1.  Hourly Rate

The Court calculates the lodestar using the market rate for an attorney of comparable skill and experience in the community in which the plaintiff brought the complaint.  *Blum*, 456 U.S. at 896.  The Supreme Court has cautioned that this is "inherently difficult [because] . . . the type of services rendered by lawyers, as well as their experience, skill and reputation, varies extensively."  *Id*. at 896 n.11.  Because of this variability, the Court may look to other indicia of reasonableness, principally the attorney's customary billing rate.  *See Id.*  Beholden to the forces of supply and demand, the rate at which an attorney bills non-fee-award clients is a reliable proxy for the value of his services.

This metric also has the virtue of simplicity.  Rather than undertake the lengthy calculation of ascertaining the range of rates that comparable attorneys in the community charge for their time, the Court can look to an attorney's customary rate to keep the "litigation over fees from becoming . . . a second major litigation." *Hadix*, 65 F.3d at 536.  Thus, the Sixth Circuit has stated that "normal billing rates usually provide an efficient and fair short cut for determining the market rate." *Id*.  Plaintiff's counsel, Gary M. Smith, customarily billed clients at $300 per hour throughout the period in which he litigated this case.

Defendant insists that the prevailing community rate for Smith's services is in fact $250 per hour.  Defendant relies on a number of cases in which courts have set an FDCPA Plaintiff's attorney's rate between $200 and $250 per hour.  *See, e.g., Mann v. Acclaim Fin. Serv., Inc.*, 348

F.Supp.2d 923, 929 (S.D. Oh. 2004) (holding that $200 per hour is a reasonable rate in an FDCPA case); *Owens v. Howe*, 365 F.Supp.2d 942, 947 (N.D. Ind. 2005) ($225 per hour); *Pinkahm v. Prof. Claims Bureau*, *Inc.*, 367 F.Supp.2d 338, 340 (E.D.N.Y. 2005) ($250 per hour). But in many of the cases relied upon by Defendant, the courts awarded fees based on the plaintiff's attorney's customary rate. This rationale militates in favor of setting Smith's rate at $300 per hour.

Further, although judicial determinations of a reasonable hourly rate are instructive, considered in a vacuum they can impose a wage cap. If courts merely deferred to a common-law rate without looking to the market, compensation for prevailing plaintiff's attorneys would stagnate. For example, once a few courts set the billable rate for FDCPA cases at $250 per hour, if subsequent courts did not look to the market, any increase of the common-law rate would be presumptively unreasonable. The price of legal services for FDCPA claims would, in effect, be capped. This would not do. As private rates rose, the opportunity cost of taking FDCPA cases would balloon, deterring competent attorneys until only the dregs of the profession remained.

Whereas Plaintiff's attorney's customary rate is anchored to the market, the common-law rate is not. Thus, the mere fact that other courts have awarded fees at $250 per hour in FDCPA cases is insufficient to render counsel's customary rate unreasonable. In addition, Plaintiff's counsel has over thirty years experience and adeptly litigated this case. This Court has a detailed knowledge of the billing rates in this community and finds that $300 per hour is well within the range of reasonableness for skilled litigators.

### 2. Number of Compensable Hours

Defendant contends that Plaintiff's counsel billed frivolously, such that the Court should reduce his hours in calculating the lodestar. The Court may only award fees for hours reasonably expended. *Hensley*, 461 U.S. at 434. Plaintiff's attorney should not recover for hours "that are excessive, redundant, or otherwise unnecessary." *Id.* Nor should the Court second-guess ill-fated decisions:

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990) (abrogated on other grounds by *Buckhannon Bd. & Care Home*, *Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)). Ultimately, this inquiry reduces to a golden rule: "hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434.

Procedurally, in the Sixth Circuit, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Wooldridge*, 898 F.2d at 1176. If a claimant clears this hurdle, the burden shifts to the adverse party to demonstrate that a particular entry represents frivolous work. *Perotti v. Seiter*, 935 F.2d 761, 764 (6th Cir. 1991). Here, Plaintiff submitted detailed billing records itemizing Smith's hours by date and subject matter. The burden therefore shifts to Defendant to show that Smith wasted time on matters for which he should not be compensated.

First, Defendant argues that the Court should not credit the 3.6 hours that Smith spent preparing Plaintiff's Motion to Alter or Amend the Court's order resolving the cross-claims for summary judgment. Defendant is correct. The Court characterized this motion a "waste of judicial resources." Plaintiff simply rehashed the points of law that the Court had considered only days earlier in her motion for summary judgment. Without citing any previously unavailable evidence or intervening changes in the law, Plaintiff asked the Court for appellate review of its own order. Because this motion was frivolous, the Court subtracts 3.6 hours from Smith's compensable time.[2]

Second, Defendant argues that the Court should omit time spent attempting to subpoena Select Portfolio Services ("SPS") because the Court ultimately determined that the company was not subject to its subpoena power. Defendant distorts the standard of review. The inquiry is not whether Plaintiff prevailed on a particular motion. *See Wooldridge*, 898 F.2d at 1173. Rather, the Court must determine whether a reasonable attorney would have expended the effort. *Id*. The testimony of an SPS officer could have been highly probative to issues of liability and damages. The fact that Plaintiff's effort to secure such testimony was unsuccessful, without more, is not sufficient to render it unreasonable.

Third, Defendant contends that it should only pay for a fraction of the hours that Smith spent: (1) preparing for and eliciting the testimony of witnesses Harrison Moore and Christopher Wyatt; (2) preparing Plaintiff's proposed findings of fact and conclusions of law; and (3) writing

---

[2]Defendant also suggests that the Court subtract the hours that Defendant billed in responding to Plaintiff's motion pursuant to Federal Rule of Civil Procedure 11. But a motion for sanctions must be "made separately from any other motion." Fed. R. Civ. P. 11. This petition is not properly before the Court and is therefore denied.

a brief in support of Plaintiff's propositions. Defendant argues that because the Court granted partial summary judgment to Plaintiff, the only issue at trial was her actual damages. Because a majority of the above-mentioned hours related to Defendant's liability and not to damages, Defendant concludes that it should only pay a fraction of the cost. Defendant is again mistaken. The Court granted Plaintiff's motion for summary judgment only in part. As a result, the Court held a bench trial on Defendant's liability for violations of the FDCPA, the Ohio Mortgage Loan Act ("OMLA"), and the Ohio Consumer Sales Protection Act ("OCSPA"). Defendant's contention that its liability was not at issue is patently false.

Fourth, Defendant submits a proposed legal bill in which it summarily reduces Smith's hours. Defendant provides no basis for these reductions and does not refer to them in its accompanying brief. Once a plaintiff proffers an itemized and detailed bill, it is well-established that conclusory allegations that the hours are excessive and that counsel employed poor billing judgment do not suffice to undermine it. *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). Defendant has not carried its burden of showing that the hours are unreasonable. As such, the Court rejects its unsubstantiated objections. Subtracting the 3.6 hours for Smith's ill-advised motion to alter, his billable hours total 165.2. At a rate of $300 per hour, the lodestar is $49,560.

### B. ADJUSTMENT

#### 1. Partial Success

Calculating the lodestar does not end the inquiry because an "award based on the total number of hours reasonably expended on the litigation might . . . result in an excessive amount if the claimant has achieved only partial success." *Id*. at 555. The Court may lower the award if:

(1) the claims on which the plaintiff prevailed were sufficiently distinct from the claims on which she failed; or (2) the plaintiff did not achieve a sufficient degree of success to justify the fees. *Penn. v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986).

Defendant argues that because Plaintiff was only successful on forty percent of her factual allegations and claims, the Court should reduce her fee award by forty percent. The Supreme Court has expressly rejected "a mathematical approach [to fee awards] comparing the total number of issues in the case with those actually prevailed upon." *Hensley*, 461 U.S. at 435 n.11. The Sixth Circuit has also "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Deja Vu of Nashville v. Metro. Gov't of Nashville & Davidson Cty.*, 421 F.3d 417, 423 (6th Cir. 2005). Rightly so: such a "ratio provides little aid in determining what is a reasonable fee . . . [n]or is it necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Hensley*, 461 U.S. at 435 n.11. The law could not more clearly prohibit Defendant's proposal.

In the alternative, Defendant contends that because Plaintiff was unsuccessful on a number of claims that are sufficiently distinct from those on which she prevailed, an award for all of her attorney's hours would be excessive. If a plaintiff brings a slew of unrelated allegations, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id*. at 435. "The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id*. But "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney's fees they should not be treated as distinct

-8-

claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1169 (6th Cir. 1996). In such cases, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435.

In this case, Plaintiff's claims arose from a common nucleus of facts such that it is impossible to disaggregate the time that counsel spent on each one. Plaintiff succeeded in showing that Defendant's callous debt collection practices, particularly its misleading communications, violated §§ 1692(c) & (e) of the FDCPA. Plaintiff unsuccessfully alleged that as a result of Defendant's letters she paid Defendant unauthorized fees and interest in violation of the FDCPA, the OMLA, and the OCSPA. Although the Court rejected these claims, they are so factually and legally interwoven with the FDCPA claims upon which Plaintiff prevailed that the Court cannot divide Smith's hours on a claim-by-claim basis. Accordingly, the cost of litigating the unsuccessful claims should not be excised from Plaintiff's fee award. *Hensley*, 461 U.S. at 435.

Finally, Defendant argues that Plaintiff's partial success does not justify the proposed fee award. *See Del. Valley*, 478 U.S. at 564. Plaintiff recovered $1000 in statutory damages and $25,000 in actual damages. Comparing Plaintiff's recovery to other FDCPA cases, $26,000 in damages is an exceptional recovery. *See, e.g., Mann*, 348 F.Supp.2d at 931 (awarding only $1,200 in statutory damages on an FDCPA claim); *Maddox v. Martin Co., LLC*, No. 3:04-cv-289, 2006 WL 1735394, at *2 (S.D. Oh. June 23, 2006) (awarding $500 in statutory damages despite the plaintiff's demand for $16,000); *Dowling v. Kucker Kraus & Bruh, LLP*, No. 99-CIV-11958RCC, 2005 WL 1337442, at *1 (S.D.N.Y. June 6, 2005) (awarding only $1,100 in

statutory damages). As such, the Supreme Court and the Sixth Circuit prohibit the Court from lowering her fee award merely because Plaintiff did not prevail on all of her claims. *See Hensley*, 461 U.S. at 435; *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 673 (6th Cir. 2006).

### 2. Settlement Negotiations

Finally, Defendant urges the Court to reduce Plaintiff's award because of its good faith attempt to settle the case between July, 2005 and October, 2006. Defendant tabled escalating settlement offers ranging from $1,000 in summer 2005 to $30,000 three months before trial. Defendant argues that Plaintiff's rejection of its overtures constitutes waste for which her attorney should not be rewarded. But Plaintiff offered to settle the case for $26,000 in September 2005, before either side had accumulated significant legal costs. Defendant refused. That Defendant made an offer of $30,000 in October 2006, a point at which attorney's fees would have eaten a large portion of the recovery, is not sufficient to persuade the Court that Plaintiff's counsel somehow wasted resources in litigating the case to a decision on the merits. Considering Plaintiff's total recovery—fees and damages—will exceed $75,000, Plaintiff's decision not to settle was prudent, not reprehensible. Moreover, Defendant cites to no legal authority to support its contention that the Court should reduce fees because of Plaintiff's sage obduracy. The Court will not punish Plaintiff's attorney for his good judgment.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the lodestar is a reasonable measure of Plaintiff's attorney's fees.  Thus, the Court **AWARDS**  $49,560 in attorney's fees and $2,959.56 in costs to Plaintiff.

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: March 31, 2008**