NOT RECOMMENDED FOR FULL-TEXT PUBLICATION **FILED**

No. 08-3590

APR **0 9** 2009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LEONARD GREEN, Clerk

MARTHA A. DOWLING,      )
                        )
    Plaintiff-Appellee,     )
                        )
v.                      )      ON APPEAL FROM THE UNITED
                        )      STATES DISTRICT COURT FOR THE
LITTON LOAN SERVICING LP,     )      SOUTHERN DISTRICT OF OHIO
                        )
    Defendant-Appellant.    )
                        )
                        )
                        )

Before: CLAY and GIBBONS, Circuit Judges; GREER, District Judge.*

    **JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Litton Loan Servicing LP

("Litton") appeals the amount of attorney's fees awarded to plaintiff-appellee Martha A. Dowling.

Dowling successfully sued Litton for violation of the Fair Debt Collection Practices Act ("FDCPA"),

and she received $26,000 in statutory and actual damages after trial. The United States District

Court for the Southern District of Ohio then awarded Dowling $49,560 in attorney's fees and

$2,959.56 in costs. Because the district court did not abuse its discretion in calculating a reasonable

fee, we affirm the award and remand for consideration of additional fees and costs incurred by

Dowling during this appeal.

---

    *The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

I.

In 1998, Dowling and her late husband, Paul, refinanced their home. The loan was initially serviced by Fairbanks Capital Corporation, but it was later transferred to Litton. Litton began servicing the loan in March of 2004 and immediately mailed Dowling a collection demand. Notwithstanding Dowling's requests to contact her only through counsel, Litton repeatedly contacted her by mail and telephone over the next three months. Litton's correspondence was misleading and confusing with regard to the status of Dowling's debt. Finally, in June of 2004, Dowling refinanced with another lender and ended her relationship with Litton.

Dowling then brought this action in the United States District Court for the Southern District of Ohio, alleging violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and Ohio law. The district court found that Litton violated 15 U.S.C. § 1692c(a)(2) by contacting Dowling directly when it knew she was represented by counsel and that Litton violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of Dowling's debt. *Dowling v. Litton Loan Servicing LP* ("*Dowling I*"), No. 2:05-CV-0098, slip op. at 10-12 (S.D. Ohio Dec. 1, 2006). Accordingly, the district court granted summary judgment in favor of Dowling on those two FDCPA subclaims[1] and awarded her $1,000 in statutory

---

[1]At the summary judgment stage, the court also found that Litton misrepresented that Dowling was in default on her loan in violation of 15 U.S.C. § 1692e(5). *Dowling I*, slip op. at 12-13. After trial, however, the court determined that Dowling was in fact delinquent by two months. *Dowling v. Litton Loan Servicing LP* ("*Dowling II*"), No. 2:05-CV-0098, slip op. at 14 (S.D. Ohio June 5, 2007). Accordingly, the court concluded that Litton was not liable for a § 1692e(5) violation. *Id.*

*Dowling v. Litton Loan Servicing LP*
No. 08-3590

damages–the maximum allowable under the FDCPA. *See* 15 U.S.C. § 1692k(a)(2)(A); *Dowling I*,
slip op. at 28-29. However, the court set the remainder of Dowling's claims for trial.

A bench trial occurred from January 8 to January 11, 2007. After trial, the district court
affirmed its findings that Litton had violated 15 U.S.C. § 1692c(a)(2) and § 1692e(2)(A). The court
further found that Litton acted callously and wantonly and caused Dowling "great pain." *Dowling
II*, slip op. at 17. Consequently, the court awarded Dowling $25,000 in actual damages for her
emotional distress for a total recovery of $26,000 plus attorney's fees and costs. However, the court
found that Dowling had waived or failed to prove her remaining FDCPA, RESPA, and state law
claims.

Dowling then filed a fee application seeking $53,599.56, including $50,640 in attorney's fees
and $2,959.56 in costs. The fee was based on 168.8 billable hours at counsel's customary rate of
$300 per hour. Litton objected, arguing that a rate of $250 rather than $300 per hour would be
reasonable and that the court should not credit certain hours that Litton characterized as unreasonable
expenditures. Litton also argued that the court should adjust the award downward because (1)
Dowling achieved success on only some of her claims; (2) those claims on which Dowling recovered
were distinct from those on which she was unsuccessful; (3) Dowling's overall recovery did not
justify the amount of fees sought; and (4) Litton offered to settle the case prior to trial.

The district court disagreed with most of Litton's objections and awarded Dowling $49,460
in attorney's fees and $2,959.56 in costs. *Dowling v. Litton Loan Servicing LP* ("*Dowling III*"), No.
2:05-CV-0098, slip op. at 1 (S.D. Ohio Mar. 31, 2008). First, the court found that $300 per hour was

3

*Dowling v. Litton Loan Servicing LP*
No. 08-3590

the customary rate for counsel Gary M. Smith's non-fee-award clients and represented the market

value of his services.  The court also noted that

> [Smith] has over thirty years experience and adeptly litigated this case.  This Court
> has a detailed knowledge of the billing rates in this community and finds that $300
> per hour is well within the range of reasonableness for skilled litigators.

*Id.* at 4.  Next, the court subtracted 3.6 hours that Smith billed for preparing a motion that the court

characterized as a "waste of judicial resources."  *Id.* at 6.  The court credited the remainder of

Smith's hours for a total of 165.2 billable hours.[2]  The product of Smith's hourly rate and billable

hours, or "lodestar," was $49,560.  Over Litton's objections, the court declined to downward adjust

the lodestar, finding that Dowling enjoyed an "exceptional recovery" of $26,000 and that the

successful claims were so interwoven with the unsuccessful claims that the hours spent on each

could not be disaggregated.  *Id.* at 9.  The court also found that Smith acted prudently in refusing to

settle because the total recovery of $78,519.56 exceeded Litton's highest settlement offer of $30,000.

On appeal, Litton renews many of the arguments it presented to the district court and also

asks us for guidance as to how fees and costs should be allocated for this appeal.

II.

We review the award of attorney's fees for abuse of discretion.  *Moore v. Freeman*, 355 F.3d

558, 565 (6th Cir. 2004).  A district court abuses its discretion when it "relies on clearly erroneous

findings of fact, or when it improperly applies the law or uses an erroneous legal standard."

*Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Christian*

---

[2]This total includes 12 hours for time spent on fee-related litigation, or "fees on fees."

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

*Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir. 1985)). Conversely, the district court's calculations receive "substantial deference" where the court "provides a clear and concise explanation of its reasons." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). This deference is due because of "a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Wilson-Simmons v. Lake County Sheriff's Dep't*, 207 F.3d 818, 823 (6th Cir. 2000) (quoting *Reed v. Rhodes*, 179 F.3d 453, 469 n.2 (6th Cir. 1999)).

The FDCPA mandates the award of "a reasonable attorney's fee" and costs to a prevailing party. *See* 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed*, 179 F.3d at 471). Determining a reasonable fee begins with calculating the product of "a reasonable hourly rate" and "the number of hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This product has come to be known as the "lodestar." *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). We must indulge a "strong presumption" that the lodestar "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). However, if the plaintiff has achieved only partial success, the award may be adjusted as necessary to achieve a reasonable result. *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 672 (6th Cir. 2006).

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

A.

The district court arrived at the lodestar figure of $49,560 by multiplying $300 per hour times 165.2 billable hours. Litton argues that a reasonable hourly rate would have been $250, not $300.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate[] in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command," *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate . . . ." *Gonter*, 510 F.3d at 618; *see also Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995) ("Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law.").

In this case, the district court relied on Smith's customary billing rate as the market rate for his services. While Smith's customary rate may not have been the best evidence of the prevailing market rate, it was not an abuse of discretion to award fees based on it. *See, e.g., Gonter*, 510 F.3d at 616-18 (affirming award of fees based on attorneys' customary billing rates). Moreover, the court found, based on the court's knowledge of local billing practices, that counsel's customary fee fell "well within the range of reasonableness" for litigators of Smith's level of skill and experience in the community. *Dowling III*, slip op. at 4. Thus, the court found that counsel's rate was the prevailing market rate.

6

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

Litton argues, however, that a rate of $300 is unreasonable because it is $50 to $100 above that awarded in other recent FDCPA cases.  Rates awarded in prior cases may be some evidence of what the market rate is, but they do not set the market rate.  *B & G Mining, Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008).  Here, the district court determined that the prevailing market rate for an attorney of Smith's skill and experience was somewhat above that awarded in the cases cited by Litton.  Moreover, as the district court noted, setting rates based on prior cases has the effect of capping attorney's fees.  The cases relied on by Litton were decided in 2004 and 2005.  By 2008, however, when the district court issued its award, rates had apparently increased.  *See Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 4560744, at *7 (N.D. Ohio Oct. 8, 2008) (awarding $300 per hour in FDCPA case).  Further, the court was within its discretion in awarding fees at 2008 rates for work performed prior to 2008 to compensate for the delay in payment.  *See, e.g., Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (citing *Missouri v. Jenkins*, 491 U.S. 274 (1989)).  *See generally Gonter*, 510 F.3d at 617-18 (discussing application of current versus historic billing rates).  Accordingly, the district court did not abuse its discretion in determining a reasonable hourly rate of $300 and calculating the lodestar of $49,560.

B.

Litton next argues that the lodestar should be adjusted downward because Dowling was successful on only two FDCPA subclaims, while she was unsuccessful on her remaining FDCPA subclaims and her state law claims, and she waived her claims under RESPA.  As noted above, we must apply a strong presumption that the lodestar represents a reasonable fee.  *City of Burlington v.*

7

*Dowling v. Litton Loan Servicing LP*
No. 08-3590

*Dague*, 505 U.S. 557, 562 (1992). However, where a plaintiff has achieved only partial success, the lodestar method may result in an "excessive amount." *Hensley*, 461 U.S. at 436. In such a case, we must ask first whether the successful and unsuccessful claims were related. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 434)  If an unsuccessful claim is sufficiently distinct from the claim on which a plaintiff is successful, then the plaintiff is not entitled to fees for work on the unsuccessful claim. *Id.* Second, we must ask whether the degree of success justifies the fees awarded. *Id.* The plaintiff is entitled to a full fee award where it is reasonable in relation to the overall recovery. *Id.*

1.

Claims are related where they arise out of a "common core of facts or are based on related legal theories." *Deja Vu v. Metro. Gov't of Nashville & Davidson County*, 421 F.3d 417, 423 (6th Cir. 2005). The district court, having conducted a bench trial in this matter, was in the best position to determine whether counsel's billable hours could be divided on a claim-by-claim basis. On this point, the court found that Dowling's "claims arose from a common nucleus of facts such that it is impossible to disaggregate the time counsel spent on each one. . . . Although the Court rejected [some of the] claims, [the unsuccessful claims] are so factually and legally interwoven with the FDCPA claims upon which [Dowling] prevailed that the Court cannot divide Smith's hours on a claim-by-claim basis." *Dowling III*, slip op. at 9. This finding is a factual one entitled to appellate deference, and a review of the record before us supports it. All of Dowling's claims–successful and unsuccessful–arose out of the same nucleus of facts. Dowling also presented related legal theories, arguing successfully that Litton misrepresented the status of her loan and unsuccessfully that those

8

*Dowling v. Litton Loan Servicing LP*
No. 08-3590

misrepresentations caused her to pay unauthorized fees and interest. Therefore, the successful and unsuccessful claims were related both factually and legally, as the district court found. *Cf. Imwalle*, 515 F.3d at 555.

Litton emphasizes, however, that Dowling had already prevailed on the violations of 15 U.S.C. § 1692c(a)(2) and § 1692e(2)(A) at summary judgment and that she proved no additional statutory violations at trial. In Litton's view, therefore, Dowling was not entitled to attorney's fees for the time spent on trial-related matters. This argument misapplies the law. Where, as here, the claims are related, the fact that some claims ultimately fail while others succeed is not reason to reduce the fee award. *See DiLaura*, 471 F.3d at 673. To the contrary, "awarding fees for services connected with related claims, though the claims prove unsuccessful, 'supports the underlying purpose of . . . encouraging attorneys to take on civil rights actions.'" *Jordan v. City of Cleveland*, 464 F.3d 584, 604 n.25 (6th Cir. 2006) (quoting *Goos v. Nat'l Ass'n of Realtors*, 68 F.3d 1380, 1386 (D.C. Cir. 1995)). Here, the district court's award is consistent with congressional intent that debtors, acting as "private attorneys general," will enforce the FDCPA. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Tolentino*, 46 F.3d at 651); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

2.

Litton also argues that what it characterizes as Dowling's limited recovery does not justify an award of $49,560 in attorney's fees. Although Dowling's unsuccessful claims were related to her successful ones, the award of attorney's fees must still be proportional to her recovery. *Granzeier v. Middleton*, 173 F.3d 568, 578 (6th Cir. 1999). In determining what is proportional, courts should

9

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

not employ a strict "mathematical approach." *Moore*, 355 F.3d at 565-66. Rather, courts should

look at "the degree of the plaintiff's overall success." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)

(quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793 (1989)). "A

proffer of alternative arguments does not justify reducing an award, especially where . . . success on

just one of the arguments would achieve the hoped-for results." *Isabel v. City of Memphis*, 404 F.3d

404, 416 (6th Cir. 2005).

   In this case, Dowling's complaint demanded "damages in excess of $25,000" as well as

attorney's fees and costs. Although she succeeded on only one of several alternative theories, she

achieved the "hoped-for" sum of $25,000. The district court also noted that Dowling's recovery was

"exceptional" compared to other FDCPA cases. *Dowling III*, slip op. at 9. Given that the Supreme

Court has authorized an *upward* adjustment for exceptional success, *see Barnes*, 401 F.3d at 745-46,

it was not an abuse of discretion to refuse a *downward* adjustment here.

C.

   Finally, Litton claims that the award should be reduced because Litton offered to settle the

case before trial. According to Litton, the company extended settlement offers ranging from $1,000

in July of 2005, approximately six months after this lawsuit was filed, to $30,000 in October of

2006, two months before trial. Litton argues that Dowling should not be rewarded for taking her

claims to trial when she could have settled for $30,000–more than the $26,000 she received in

damages after trial–and avoided incurring the costs of trial. However, Dowling also received

$49,560 in fees, bringing her total recovery to $75,560 plus costs. The question then becomes

10

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

whether Litton's offers were *in*clusive of attorney's fees or not, given that the $30,000 offer was

greater than Dowling's damages of $26,000 but less than her total recovery of $75,560 plus costs.

The record is devoid of any evidence as to whether Litton's $30,000 offer was inclusive of

fees. The only representation regarding fees was made with respect to the first offer of $1,000, about

which counsel for Litton indicated that "[a]t no point did [she] indicate to Dowling's counsel that

such offer was inclusive of all merit, fee, and cost claims." Even if this representation were also

made with respect to the $30,000 offer–and counsel did not so indicate in her affidavit–it appears

from the phrasing that counsel never affirmatively indicated that the offer was *exclusive* of fees,

either. Where, as here, an offer is silent as to attorney's fees, we may not assume that the offer is

exclusive of fees–that is, we may not add attorney's fees to the sum offered. *See McCain v. Detroit*

*II Auto Fin. Ctr.*, 378 F.3d 561, 564-65 (6th Cir. 2004). The district court concluded as much. We

also find that the $30,000 offer was silent as to attorney's fees and therefore inclusive of them.

Prior to October 10, 2006, when Litton extended its all-inclusive $30,000 offer, Smith had

already expended 54.7 hours on the litigation–or $16,410 of billable time. As a result, the value of

the $30,000 offer to Dowling was only $13,590, or approximately one half of what she ultimately

received after trial. Therefore, Dowling was entitled to reject Litton's settlement offer, and the

district court did not abuse its discretion in declining to reduce the fee award on that account.

III.

Where a statute provides for an award of attorney's fees to a prevailing party, "reasonable

appellate fees may [also] be awarded to [the] prevailing part[y]." *Riley v. Kurtz*, 361 F.3d 906, 915

(6th Cir. 2004). Consequently, Dowling is entitled to attorney's fees incurred defending the award

11

*Dowling v. Litton Loan Servicing LP*
*No. 08-3590*

on this appeal. *See Harper v. BP Exploration & Oil, Inc.*, 3 F. App'x 204, 210 (6th Cir. 2001).

Generally, the district court should decide the question in the first instance. *Abdur-Rahman v.*

*Pieron*, 934 F.2d 322 (6th Cir. 1991) (table). Because no unusual circumstances are present here that

would suggest otherwise, we remand this case for consideration of additional fees and costs incurred

on appeal. *See Cent. Benefits Mut. Ins. Co. v. Blue Cross & Blue Shield Ass'n*, 983 F.2d 1065 (6th

Cir. 1992) (table).

IV.

For the foregoing reasons, we affirm the award and remand to the district court to determine

the appropriate fee award for hours expended defending this appeal.

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### 100 EAST FIFTH STREET, ROOM 540
### POTTER STEWART U.S. COURTHOUSE
### CINCINNATI, OHIO 45202-3988

Leonard Green
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 09, 2009

Mr. Rick D. DeBlasis
Lerner, Sampson & Rothfuss
120 E. Fourth Street
Suite 800
Cincinnati, OH 45202-0000

Ms. Amy E. Gullifer
Graham & Graham
17 N. Fourth Street
3rd Floor Graham Law Building
P.O. Box 340
Zanesville, OH 43701

Ms. Cynthia M. Roselle
Lerner, Sampson & Rothfuss
120 E. Fourth Street
Eighth Floor
Cincinnati, OH 45202

Re:  Case No. 08-3590, *Martha Dowling v. Litton Loan Servicing LP*
Originating Case No. : 05-00098

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Florence P. Ebert
Case Manager

Direct Dial No. 513-564-7026
Fax No. 513-564-7098

cc:  Mr. James Bonini

Enclosure

Mandate to issue